CASE 19—PETITION EQUITY—MARCH 4.

# Board of Trustees of Elkton v. Gill.

### APPEAL FROM TODD CIRCUIT COURT.

1. AN ACT OF THE LEGISLATURE EXTENDING THE LIMITS OF A TOWN OR CITY WILL NOT BE DECLARED UNCONSTITUTIONAL upon the ground that property thus subjected to municipal taxation derives no benefit from the town or city government, unless it appears that the imposition of the tax amounts to the taking of private property without just compensation.

2. MUNICIPAL TAXATION.—Whether the benefit and advantages derived from a municipal government are in a given case *adequate* compensation for local taxation imposed is not the province of courts to decide, legislative determination of that matter being conclusive.

In this action to enjoin the collection of town taxes imposed upon plaintiff's residence and lawn, it appears that the tract of land upon which plaintiff resides contains forty-six acres, which is used for farm-

ing purposes, but the area included in the town limits by the act, the validity of which is questioned here, and which is the land sought to taxed, does not much exceed six acres. There is a street, improved and kept in repair by the town, on each side and adjacent to plaintiff's land and extending beyond his residence. There is another street connecting these two, and extending along the front of his lawn. There is a sidewalk made by the town by which he can go from his gate to the central part of the town. Opposite his lawn is a church building and several dwelling-houses. He has sold off his land several lots at the rate of three hundred dollars per acre, that for farming purposes could not have been sold for more than thirty dollars per acre; and on one street there are no vacant building lots between a point beyond plaintiff's dwelling-house and the court-house square. The plaintiff is a minister of the gospel, and preaches in one of the town churches. *Held*—That there is no reason for exempting plaintiff's residence and lawn from municipal taxation.

BEN T. PERKINS, JR., AND EDWARD W. HINES FOR APPELLANT.

1. To authorize the court to declare a municipal tax invalid upon the ground that the Legislature ought not to have included the property sought to be taxed within the boundary of the town, the case must be one " in which the operation of the power will be, *at first blush*, pronounced to be the taking of private property without compensation." (Sharp's Ex'r v. Dunavan, 17 B. M., 228; Matthus v. Shields, 2 Met., 553.)
2. The charter exemption is of all *lands* used *exclusively* for farming purposes, and, therefore, does not include plaintiff's residence and home.

H. G. PETRIE FOR APPELLEE.

1. By the express terms of the act, by virtue of which the right to tax is claimed, the appellee's farming land and stock are exempt from taxation for the benefit of the town. (Acts 1883–84, vol. 2, p. 109.)
2. Even if appellee's land is not exempt by the terms of the act, it would be unconstitutional to subject his land to municipal taxation under the facts of this case, as it would be the taking of private property for public use, without consent and without compensation. (City of Covington v. Southgate, 15 B. M., 498; Cheany v. Hooser, 9 B. M., 345.)

WM. H. HOLT ON SAME SIDE IN PETITION FOR REHEARING.

By the *very terms* of the act the property of the appellee was exempt from municipal taxation. (Acts 1883–84, vol. 2, page 126.)

The finding of the lower court that the land is used exclusively for farming purposes, and therefore within the exemption, will not be

Board of Trustees of Elkton v. Gill.

disturbed unless *palpably* against the weight of the evidence. (Henderson's Ass'ee v. City of Louisville, 4 Ky. Law Rep., 437; Campbell v. Cincinnati So. R. Co., 9 Ky. Law Rep., 799.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1884 the General Assembly passed an act extending corporate limits of the town of Elkton so as to include, besides property of others, the residence of appellee Gill, and incidentally land used as a lawn and grass lot, lying between the new and old boundary lines. And the tax-collector having, upon refusal of appellee to pay municipal taxes assessed against him for the year 1889, levied on and advertised sale of property to satisfy amount thereof, this action was brought for an injunction restraining such sale, which was granted temporarily, and by the judgment appealed from perpetuated, upon the ground of unconstitutionality of the act.

The general power of the Legislature to extend the limits of a city or town, whereby municipal taxation is imposed upon property hitherto free of it, can not, in view of repeated decisions of this court, be now disputed. And it is only when that power is so exercised as to involve violation of the clause of the Constitution prohibiting taking of private property for public use without just compensation, courts will interpose. But the protection afforded to, and advantages received by, the citizen from a municipal government are, in meaning of the Constitution, just compensation for taxation imposed in order to maintain it. And local taxation authorized by law can not be deemed taking private property without just compensation, unless it is palpable that persons, or

their property, are subjected to such burthen for ben-efit of others for purposes in which they have no in-terest and to which they are, therefore, not justly bound to contribute. (Cheany v. Hooser, 9 B. M., 330 ; Matthus v. Shields, 2 Met., 553.) Whether the benefit and advantages derived from a municipal gov-ernment are, in a given case, adequate compensation for local taxation imposed, is not the province of courts to decide, legislative determination of that matter being conclusive. (Cheany v. Hooser ; Swift v. City of Newport, 9 Bush, 39.) For, as said in the first-named case, the limit of legislative discretion in regard thereto "can only consist in the discrimina-tion to be made between what may, with reasonable plausibility, be called a tax, and for which it may be assumed that the objects of the taxation are re-garded by the Legislature as forming a just compen-sation, and that which is palpably not a tax, but is under the form of a tax, or in some other form, the taking of private property without just compensa-tion."

Tested by the rule so clearly and firmly fixed by this court, it seems to us there can be no doubt of the validity of the act in question, and consequent liability of appellee for the tax imposed upon him. He states that the quantity of land upon which he resides is forty-six acres, and that it is used for farming purposes ; but the area of that part included within the town limits, fixed by the act of 1884, whereon is his residence, does not, according to the plat filed, appear to much exceed six acres. There is a street improved and kept in repair by the munici-

Board of Trustees of Elkton v. Gill.

pality on each side of and adjacent to his land, and extending beyond his residence. There is another street, lately opened, called Academy street, connecting these two, and extending along the front of his lawn, by which he has access to the railroad depot, and also to the court-house. There is still another, called Allen street, between the two first named, that intersects Academy street, and terminates opposite appellee's lawn or yard-gate, two hundred and fifteen yards from his dwelling-house. Along Allen street there has been made, at expense of the municipal government, a sidewalk, by which he can go from his gate to the central part of the town. There is a female academy situated apparently upon the same block of land that his dwelling-house stands, and not far from it. Opposite to his lawn is a church building, two factories and several dwelling-houses. He has sold off his land several lots, at the rate of three hundred dollars per acre, that for farming purposes could not have been sold at the rate of more than thirty dollars per acre. Upon those lots dwelling-houses have been erected, apparently farther from the public or court-house square than he resides, and upon the farthest out of those lots resides a member of the board of trustees. He is a minister of the Gospel, and preaches in one of the town church-houses. He also has five or six teachers in the town schools boarding with him. It further appears that population has increased in the last five years in the vicinity of his land, and that there is no vacant building lot on one of the streets mentioned between a point even farther out than his dwelling-house and

the court-house square.     No street has been opened through his land, nor does it appear to be the present purpose of the board of trustees to open any. But that fact does not at all affect the question, whether he, by reason of the relative situation and location of his residence, derives protection and benefits in common with other tax-payers from the municipal government.     And especially is it immaterial, in view of the existence of streets already constructed at expense of other tax-payers, that afford him outlet and convenient way in almost any direction he may wish to go.     It is difficult to conceive wherein the act in question is obnoxious to the clause of the Constitution referred to as heretofore construed and applied by this court, or upon what just or reasonable ground appellee can be exempted from the taxation imposed.

The judgment is reversed, and cause remanded for dissolution of the injunction and dismissal of the action.